**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOSE ECCEHOMO JARAMILLO AGUIRRE, #26312-078, | § § § | |
| | § | CIVIL ACTION NO. 4:19-CV-00401-MAC-CAN |
| Petitioner, | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-00295-SDJ-KPJ-10 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Jose Eccehomo Jaramillo Aguirre filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising alleged constitutional violations concerning his conviction in the Eastern District of Texas, Sherman Division [Dkt. 1]. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge [Dkt. 2]. After reviewing the Motion [Dkt. 1], and all other relevant filings, the Court recommends the Motion [Dkt. 1] be **DENIED** and this case be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On December 12, 2012, a Grand Jury returned an Indictment charging Petitioner in two counts: Count One–violation of 21 U.S.C. § 936, Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States; and Count Two–violation of 21 U.S.C. § 959 and 18 U.S.C. § 2, Manufacturing and Distributing Five Kilograms

or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States. *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 12, 2012), ECF No. 1, Sealed.[1]  On May 3, 2017, the Government filed a Notice of Plea Agreement, informing the Court that it entered into a plea agreement with Petitioner relating to the counts in the Indictment. *Id.* ECF No. 235.  On May 17, 2017, before the undersigned, Petitioner, alongside counsel and with the aid of an interpreter, pleaded guilty to Count One of the Indictment pursuant to the written plea agreement. *Id.* ECF No. 272.  Petitioner's signed plea agreement states that he "understands the nature and elements of the crime to which guilt is admitted" and "agrees that the factual basis" he signed is "true and will be submitted as evidence." *Id.* ECF No. 275, Sealed.  At Petitioner's change of plea hearing, the Government summarized Count One of the Indictment, read the essential elements of the offense, as well as the maximum range of penalties for pleading guilty to such charge. *Id.* ECF No. 421 at 9-13.  Petitioner testified that he understood the Indictment, the factual basis for his plea of guilty as to Count One, and the range of penalties he faced. *Id.*  At the plea hearing, Petitioner stipulated to possessing with the intent to distribute 450 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and that this amount was involved after his entrance into the conspiracy. *Id.* ECF No. 275 at 1-3; ECF No. 277.  The undersigned entered findings of fact and recommendations that the Court accept Petitioner's guilty plea. *Id.* ECF No. 278.  On May 18, 2017, United States District Judge Marcia A. Crone adopted the recommendations of facts of the Magistrate Judge and adjudged Petitioner guilty of Count One, but deferred acceptance of the plea agreement until review of the Presentence

---

[1] Federal Rule of Evidence 201 permits judicial notice of an "adjudicative fact" where the fact is "not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (quoting FED. R. EVID. 201(b)).  The Court takes judicial notice of Petitioner's criminal case in the Eastern District of Texas.

Report ("PSR"). *Id.* ECF No. 285, 1-2. The Probation Office filed the initial Presentence Investigation Report for Petitioner with the Court on July 7, 2017. *Id.* ECF No. 296, Sealed. On July 21, 2017, Petitioner, through counsel, requested an extension to time submit any objections to the PSR. *Id.* ECF No. 301. No objections thereafter were filed. The Final PSR was filed on August 22, 2017, along with the Sentencing Recommendation as to Petitioner. *Id.* ECF Nos. 317 Sealed, 318 Sealed. On October 2, 2017, alongside counsel and with the aid of an interpreter, Petitioner was sentenced to 293 months imprisonment on Count One, with five years of supervised release to follow. *Id.* ECF No. 352. The Judgment was docketed on October 4, 2017. *Id.* ECF No. 357.

On October 11, 2017, Petitioner filed a notice of direct appeal. *Id.* ECF No. 367. On the same day, Petitioner's counsel filed an unopposed Motion to Withdraw as Counsel on appeal. *Id.* ECF No. 368. The Court granted counsel's motion to withdraw and appointed new counsel for Petitioner's appeal. *Id.* ECF No. 382. On July 31, 2018, the Fifth Circuit dismissed Petitioner's appeal as frivolous and denied his request for appointment of substitute counsel. *United States v. Aguirre*, 730 F. App'x 226, 227 (5th Cir. 2018) (per curiam). On May 31, 2019, Petitioner filed the instant Motion under 28 U.S.C. § 2255 [Dkt. 1]. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").

In the Motion, Petitioner argues: (1) he received ineffective assistance of counsel at the trial level on the grounds that Petitioner's plea was not knowing and voluntary because he did not understand his plea agreement in English; that counsel failed to have all trial documents, proceedings, and communication with counsel translated into Spanish; that counsel "coerced" Petitioner into accepting his plea agreement; and that counsel erred by not requesting a downward departure in to his sentence and by not challenging the three-point enhancement for his role in the

conspiracy; (2) that he received ineffective assistance of counsel on appeal for not challenging the sentencing enhancement, for failing to seek a safety valve reduction to his sentence, and for failing to object to trial counsel's alleged errors relating to translation of trial proceedings and documents; and (3) that the prosecutor committed misconduct by allowing Petitioner to be illegally extradited, by offering and accepting a plea agreement based on allegedly untrue facts, and by failing to ensure that Petitioner's rights to a translator were satisfied [Dkts. 1 at 4-5; 1-1 at 5-23]. Petitioner asks the Court to "vacate [his] sentence and conviction, and order his immedaite [sic] release, or alternatively withdraw his guilty plea and commence new proceedings" [Dkt. 1 at 12]. The Government filed a response on August 23, 2019, arguing Petitioner's claims of ineffective assistance counsel and prosecutorial misconduct are "without merit," and that "his claim that his offense level was miscalculated is barred from collateral review" [Dkt. 8 at 9].

## FEDERAL HABEAS PROCEEDINGS STANDARD

Under 28 U.S.C. § 2255,

[A] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A § 2255 motion, or "collateral review," is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A Petitioner in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. art. VI (spelling in original). The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The two-prong *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is "voluntarily and knowingly" made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). When a petitioner asserts an ineffective assistance claim arising out of a plea, the petitioner must either show that he did "not understand the nature of a constitutional protection" he waived or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012).

To succeed on a claim of ineffective assistance of counsel, a petitioner must first "show that counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. This standard requires the reviewing court to "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694. "Reasonable probability," in turn, "is a probability sufficient to undermine confidence in the outcome." *Id.* The Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the second "prejudice" component, the court need not address the first question regarding counsel's performance. *Id.* at 697. In assessing an ineffective assistance claim, a court should examine "the actual performance of defense counsel" and "not blindly accept speculative claims[.]" *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982).

### Plea Agreement Was Knowing and Voluntary

Petitioner first claims that his plea agreement was not knowing and voluntary because he did not receive a Spanish translation of the plea agreement, the factual basis, or the PSR [Dkt. 1-1 at 5-18]. The Government counters that Petitioner's plea was knowing and voluntary because "[a]n interpreter was present for the hearing, most of the documents were translated into Spanish, and [Petitioner] was unequivocal in his statements to the Court that he understood the proceedings and the content of the documents" [Dkt. 8 at 6].

A guilty plea generally waives constitutional deprivations occurring prior to the plea, except a habeas claim challenging the validity of the guilty plea itself. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). "An adequate understanding of the English language is necessary for a voluntary plea." *United States v. Osoria*, 1 F.3d 1237 (5th Cir. 1993) (per curiam). "In recognition of this, Congress has provided for certified translators for judicial proceedings involving those not proficient in English." *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990) (citing Court Interpreters Act of 1978, 92 Stat. 2040 (codified at 28 U.S.C. § 1827)). A party "may move for the translation of documents if they are necessary for adequate representation." *Gonzales v. United States*, No. 3:17-CV-603-M-BN, 2017 WL 1231689, at *2

(N.D. Tex. Apr. 4, 2017) (quoting *United States v. Wattanasiri*, 141 F.3d 1152 (table), 1998 WL 105769, at *2 (2d Cir. Mar. 9, 1998) (per curiam)).  However, [t]he Constitution does not require that the information be communicated in writing in a foreign language." *Sanders v. United States*, 130 F. Supp. 2d 447, 449 (S.D.N.Y. 2001).

Again, Petitioner alleges his plea was not knowing and voluntary because he did not fully understand the "consequences, waivers, and conditions" of his plea agreement because it was not in Spanish [Dkt. 1-1 at 6, 12].  The Government argues that the "record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act" [Dkt. 8 at 4].  The Court agrees the record demonstrates the plea was knowing and voluntary.  At the plea hearing, Petitioner was assisted by an interpreter.  The Court confirmed Petitioner had received a copy of the Indictment, Plea Agreement, and Factual Basis, and had each translated into his native language prior to signing any plea documents; that he fully understood each of the referenced documents; that counsel had fully considered and discussed with him the facts of the case; and that he understood he was knowingly and voluntarily entering in the plea agreement. *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 4, 2017), ECF No. 421, at 7-11, 21-24.  On the record, Petitioner confirmed he discussed the indictment, the charge, and the facts basis, and the plea agreement with counsel, and that he was satisfied with his representation as to each:

> THE COURT: All right, Mr. Aguirre, we're going to go back to continue talking about the indictment, sir, and your counsel is providing to you a copy of that indictment.  And I'd like for you to confirm at this time, sir, that you have previously had an opportunity to have that indictment translated into your own language and to discuss it with your counsel?
>
> THE DEFENDANT: Yes.

*Id.* at 9-10.

> THE COURT: Did you have this plea agreement translated into your own language before you signed?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you discuss each of the paragraphs in this plea agreement with your lawyer before you signed it?
>
> THE DEFENDANT: Yes, and it is correct.
>
> THE COURT: And were you comfortable then that you understood everything in your plea agreement before you signed it?
>
> THE DEFENDANT: Yes, correct.

*Id.* at 14-15.

> THE COURT: Then I want for you and I to look at one final document together. I'm looking at a copy of your factual basis. On page two, is that your signature on page two of the factual basis, Mr. Aguirre?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you have this document translated into your own language before you signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And were you comfortable that you understood everything in it before you signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And to that same end, did you discuss each of these paragraphs with your lawyer before you signed it?
>
> THE DEFENDANT: Yes.

*Id.* at 22; *see Perez*, 918 F.2d at 490 ("The magistrate's inquiry and [Petitioner's] response sufficiently reflect that [Petitioner] was capable of understanding the judicial proceedings and was aware that a translator was available to him if needed."). In addition, at sentencing, Petitioner once again was assisted by an interpreter and acknowledged the PSR was read to him in Spanish. *United*

*States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Oct. 12, 2017), ECF No. 369, at 1-4.

> THE COURT: Has the presentence report been read to the defendant in Spanish?
>
> . . . .
>
> DEFENDANT JARAMILLO AGUIRRE: Yes, ma'am.
>
> THE COURT: Okay. All right. Very well. Okay. And have counsel and the defendant discussed the presentence report, including any revisions?
>
> . . . .
>
> [COUNSEL]: Yes, your Honor.
>
> THE COURT: Has counsel fully explained the report to the defendant?
>
> . . . .
>
> [COUNSEL]: Yes, ma'am.
>
> . . . .
>
> DEFENDANT JARAMILLO AGUIRRE: Yes, your Honor.
>
> [THE COURT]: And . . . Mr. Jaramillo Aguirre, do you fully understand the presentence report?
>
> . . . .
>
> DEFENDANT JARAMILLO AGUIRRE: Yes, ma'am.
>
> THE COURT: Does counsel or defendant wish to make any comments, additions, or corrections to the report?
> . . . .
> [COUNSEL]: Your Honor, we have nothing to add to the PSR.

*Id.* at 4-6. Petitioner's repeated statements under oath that he had received Spanish translations and that he understood critical documents, as "testimony in open court carries a strong presumption of verity." *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Based on Petitioner's statements, the Court received "no objective

information at the plea colloquy that would have reasonably put it on notice that further inquiry was needed." *See id.* Petitioner, assisted by a translator, confirmed he understood and discussed each document with counsel. *See Osoria*, 1 F.3d at 1237 n.7 (holding "that the district court did not err by relying on the defendant to inform the court if he failed to comprehend the proceedings"); *De La Rosa v. United States*, No. CIV. A. 94-7623, 1995 WL 251302, at *2 (E.D. Pa. Apr. 25, 1995) (internal citations omitted) ("[Petitioner] had an interpreter who provided a verbatim translation at his change of plea hearing and sentencing[, and] never requested a written translation of any document."). Even if Petitioner did not receive a written copy of the PSR (or any other document), he has not shown prejudice, particularly given he also avers that he "can not read or write" in Spanish [Dkt. 1-1 at 17]. If true, Petitioner is not prejudiced by failure to receive documents where each was translated to him in his native spoken language. *See Mendoza v. United States*, 755 F.3d 821, 831 (7th Cir. 2014) ("Given Petitioner's claim that he can read very little Spanish, the 'decision to summarize the documents instead of having them translated for [Petitioner] was reasonable.'")

### No Failure to Translate Documents or Provide Interpreter at Proceedings

Petitioner relatedly alleges that counsel was ineffective for not having a Spanish interpreter for "critical meetings" and at all court proceeding [Dkt. 1-1 at 3-5, 12, 15, 17-18]. First off, at his plea hearing and sentencing, an interpreter was present and Petitioner did not express that he did not understand or could not communicate with counsel.[2] *See United States v. Paz*, 981 F.2d 199, 201 (5th Cir. 1992) ("throughout the proceedings the court's inquiries to [Petitioner] were fully answered by [him] without any indication that [he] was experiencing any difficulty comprehending

---

[2] Relevant here, failure to raise the issue of access to an interpreter with the trial court bars an ineffective assistance claim on direct appeal. *See Perez*, 918 F.2d at 491 (citing *United States v. Higdon*, 832 F.2d 312 (5th Cir.1987)) (Petitioner "contends that his trial counsel's failure to ask the court to make such a finding constituted ineffective assistance of counsel. That issue was not raised before the trial court; we will not consider it.").

the court"); *Valencia-Trujillo v. United States*, No. 8:02-CR-329-T-17EAJ, 2017 WL 3336491, at *7 (M.D. Fla. Aug. 4, 2017), *aff'd*, 782 F. App'x 895 (11th Cir. 2019) (where Petitioner "does not state that he advised counsel of his communication concerns and was ignored," "does not claim that he ever notified this Court that he was unable to communicate with his counsel," has not "identif[ied] a single instance where he was unable to communicate with his counsel or unable to participate in his defense," the Petitioner has "failed to show that the lack of an interpreter amounts to deficient performance or prejudice on the part of his counsel.").  Moreover, Petitioner's right to a court-appointed interpreter is limited to oral translation of court proceedings; a defendant does not have a constitutional right to written translation of all court documents.  *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 571 (2012) ("Congress was dealing only with oral translation in the Court Interpreters Act," and "it intended to use the term 'interpreter' throughout the Act in its ordinary sense as someone who translates the spoken word"); *United States v. Rubio*, 677 F.3d 1257, 1262 (D.C. Cir. 2012) ("a criminal defendant does not have a constitutional right to written translations into her native language of all court documents").[3]  Again, an interpreter was present at each of Petitioner's appearances before the Court, including specifically his plea hearing and sentencing hearing.  *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 4, 2017), ECF Nos. 369 at 1; 421 at 2.  The record also reflects the interpreter swore an oath to

---

[3] Petitioner's claim that he did not receive a translated copy of the waiver of his detention hearing or the video sentencing waiver is unpersuasive [Dkt. 1-1 at 5, 14].  *See Rubio*, 677 F.3d at 1262; *De La Rosa,* 1995 WL 251302, at *2.  The Court notes that Petitioner testified at his arraignment that he did in fact receive a copy of the waiver of his detention hearing translated into Spanish before he signed it, and that he understood "import or the impact of signing this document is that [he is] agreeing to not have a detention hearing and [he is] agreeing to remain in custody pending further proceedings".  *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 4, 2017), ECF No. 424 at 18-19.  Further, Petitioner does not allege that his signature on the waiver to a video sentencing was not voluntary nor that he suffered any prejudice attributed to performance by counsel.  *See Lopez v. United States*, No. 4:14CR28(17), 2021 WL 1115543, at *7 (E.D. Tex. Mar. 2, 2021) (noting that video sentencing is fairly standard in the District, and the issue is without merit where the Petitioner "fails to show how, but for his counsel's alleged deficient performance, the result of the proceedings would have been different"), *report and recommendation adopted*, No. 4:14-CR-28(17), 2021 WL 1110905 (E.D. Tex. Mar. 22, 2021).

"translate from English to Spanish and Spanish to English fully and completely and communicate all of the testimony to the Court to the best of my knowledge." *Id.* ECF No. 273. Petitioner in his Reply Brief claims he did not have an interpreter at his arraignment or other motion hearings [Dkt. 9 at 6-7]. This is not accurate. The record clearly reflects Petitioner received the aid of an interpreter at his initial appearance, arraignment, and appointment of counsel hearing. *Id.* ECF Nos. 81, 90, 212. *See Rubio*, 677 F.3d at 1260 (finding no constitutional violation and that entry of a plea was knowing and voluntary where "a Spanish-language interpreter was present at the plea and sentencing hearings and translated each hearing as it proceeded"). Counsel's performance was not deficient for failing to raise meritless issues related to the provision of an interpreter or translation of documents. *See United States v. Rodriguez*, 137 F. App'x 682, 684 (5th Cir. 2005) (per curiam) (rejecting an ineffective assistance of counsel claim where "[Petitioner] has not established a violation of the Court Interpreters Act, 28 U.S.C. § 1827(d)(1); the record reflects that he had access to an interpreter at every stage of the proceeding."); *Mendoza*, 755 F.3d at 831 ("Since the interpreter arrangement issue fails on the merits, the failure to preserve the issue for appeal cannot amount to prejudice."); *Vasquez v. United States*, No. 3:16-CV-2623-D-BN, 2019 WL 981876, at *9 (N.D. Tex. Jan. 30, 2019) (quoting *United States v. Pena*, 233 F.3d 170, 175 (2d Cir. 2000) (per curiam)) (cleaned up) ("[E]ven if 'defendant's counsel's explanation of the material substance of the plea offer in Spanish' 'fell below an objective standard of reasonableness under prevailing professional norms,' the Petitioner failed to show a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"), *report and recommendation adopted*, No. 3:16-CV-2623-D, 2019 WL 974800 (N.D. Tex. Feb. 28, 2019).

***No Coercion to Accept the Plea Agreement***

Petitioner also alleges counsel "induced and coerced [him] to plead guilty, and without an interpreter, [Petitioner] had no knowledge as to what he was pleading guilty of" [Dkt. 1-1 at 11, 13]. As discussed herein, the record directly contradicts Petitioner claim that he did not receive a Spanish translation of his plea agreement. In addition, Rule 11 of the Federal Rules of Criminal Procedure require the Court provide admonishments to ensure pleas are voluntary and free from coercion. *See* FED. R. CRIM. P. 11(b)(2) ("Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."). "Compliance with the admonishments required under Federal Rule of Criminal Procedure 11 provides 'prophylactic protection for the constitutional rights involved in the entry of a guilty plea.'" *Ashlin v. United States*, No. 5:16-CV-52, 2018 WL 3119057, at *5 (E.D. Tex. Apr. 30, 2018) (quoting *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993)), *report and recommendation adopted*, No. 5:16-CV-52, 2018 WL 3105583 (E.D. Tex. June 25, 2018). "A situation in which a defendant is induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty does not meet the standard for voluntariness articulated by the Supreme Court." *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

Here, Petitioner does not allege his plea was the result of deception, an unfulfillable propose, or misrepresentation. The record shows the Court admonished Petitioner in accordance with of Rule 11, asking whether he understood the contents of his plea agreement and whether his plea was result of coercion, force, or threat:

THE COURT:  . . .I'm going to ask for you to confirm at this time, did you voluntarily and of your own free will agree to each of the paragraphs in this plea agreement?

THE DEFENDANT: Correct.

THE COURT: Do you have any questions whatsoever regarding your plea agreement?

THE DEFENDANT: No.

THE COURT: So as you stand here today, are you representing to this Court that you understand this agreement and you're asking the Court to accept and approve it?

THE DEFENDANT: Yes, yes.

THE COURT: Now, [Counsel], I'll just ask for you to confirm as well that you have in fact discussed each and every one of the provisions of this plea agreement with your client and that you believe that he understands each of these provisions.

[COUNSEL]: I have discussed each and every provision of the plea agreement, and I do believe he understands them.

THE COURT: Thank you, [Counsel]. So, Mr. Aguirre, in order for me to actually make a recommendation to the district court that your plea be accepted, I have to find that your plea is knowing and voluntary and there's a factual basis. So as to the first of those, has anyone attempted to force you, threaten you, coerce you, or make you enter a plea here today?

THE DEFENDANT: No.

THE COURT: Are you trying to enter a plea to help somebody else?

THE DEFENDANT: No, just myself.

THE COURT: And are you intending to enter a plea here today, Mr. Aguirre, because you are in fact guilty of the charge?

THE DEFENDANT: Yes.

*United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 4, 2017), ECF No. 421, at 20-22. Petitioner's statements at his plea hearing are, again, accorded great weight. *See United States v. Soliz*, 359 F. App'x 466, 470 (5th Cir. 2009) (quoting *Blackledge*, 431 U.S. at 74) ("A defendant's '[s]olemn declarations in open court carry a strong presumption of verity.'"); *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) ("we give the statements during the colloquy

greater weight than we give unsupported, after-the-fact, self-serving revisions."). Further, the record does not show that Petitioner was coerced by counsel and not voluntary as a result. *See Cothran*, 302 F.3d at 283 (rejecting a Petitioner's ineffective assistance of counsel claim where "[Petitioner] stated that his plea was free and voluntary and made with the advice of counsel," "that he had discussed the matters with his attorney, and he said that he was satisfied with his attorney's advice."); *Abreo*, 30 F.3d at 31 (finding no coercion where "the district court asked [movant] if anyone had attempted in any way to force him to plead guilty" and he responded in the negative); *Vasquez*, 2019 WL 981876, at *8 (quoting *Strickland*, 466 U.S. at 687) (petitioner did not carry his "burden to show that trial counsel failed to effectively communicate with him in Spanish to such a degree 'as to deprive [him] of a fair trial, a trial whose result is reliable' – the standard for showing constitutionally deficient performance."); *see also Johnson*, 679 F.2d at 58 (rejecting allegations of ineffective assistance that are "wholly unsupported by the record").

### *Failure to Seek a Two-Level Downward Sentence Reduction*

Petitioner alleges counsel was ineffective for failing to request a two-level downward sentence reduction as per U.S.S.G. § 5C1.2 for cooperating with the Government.[4] This argument is without merit, as the record shows counsel did ask the Court to consider a sentence below the guidelines at the sentencing hearing, specifically a sentence of 188 months for Petitioner's cooperation. The record shows that counsel orally requested departure from the guideline range at the hearing. *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Oct. 12, 2017), ECF No. 369 at 10-11. It is not clear from the record whether the Court considered counsel's oral request or rejected it for failure to file a motion requesting departure from the

---

[4] Sentencing guideline § 5C1.2 provides that the sentencing court should impose a sentence without regard to the statutory minimum where the defendant plays a minimal role with regard to the "criminal enterprise" in connection with the offense and has truthfully provided all information to the Government for which he is aware, in addition to several other qualifications. *See* U.S.S.G. § 5C1.2.

guidelines. *See id.* However, "whether counsel's failure to file a pretrial motion prejudiced a defendant in a *Strickland* sense, and thus violated his constitutional right to counsel, depends on whether the motion would have been granted had it been made." *Salas-Leyva v. United States*, No. 4:10CR140(8), 2017 WL 8229543, at *8 (E.D. Tex. June 22, 2017), *report and recommendation adopted*, No. 4:10CR140(8), 2018 WL 1335203 (E.D. Tex. Mar. 14, 2018). In a habeas motion, "[Petitioner] has the burden of establishing eligibility for the safety-valve reduction." *United States v. Fo*, 226 F. App'x 346, 347 (5th Cir. 2007) (citing *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996)).[5] Petitioner has not shown that the Court would have found him eligible and granted a departure had counsel filed a motion. The Court acknowledged counsel's request but found a factual basis for Petitioner's leadership role in the conspiracy, and thus imposed a sentence at the high end of the range. *See United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Oct. 12, 2017), ECF No. 369 at 10-11, 15-16. Petitioner has not shown prejudice, specifically that he would have received the two-level downward reduction of his sentence for substantial assistance.

### *Failure to Challenge the Three-Point Enhancement for Petitioner's Role*

Petitioner further argues that counsel was ineffective at sentencing, and as a result, the Court erred by adding three points to his offense level in calculating his sentence [Dkt. 1-1 at 19-20]. The Government counters that Petitioner's challenge to the sentence enhancement is procedurally barred by the waiver in his plea agreement [Dkt. 8 at 8-9]. First, counsel was not ineffective for failing to object to Petitioner's sentencing enhancement under U.S.S.G. § 31B1.1(b)

---

[5] Moreover, Petitioner does not explain why counsel's performance falls below an objective standard of reasonableness given that sentence reductions for substantial assistance are at the discretion of the Government. *See Richardson v. United States*, No. 5:16-CV-62, 2018 WL 3352743, at *12 (E.D. Tex. May 9, 2018) (citing *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007)) ("As to Petitioner's argument that counsel was ineffective for failing to seek a downward departure for substantial assistance, this claim lacks merit on its face. A downward departure for substantial assistance is purely at the discretion of the Government. Petitioner's counsel cannot be considered ineffective for the Government's discretionary actions.").

for playing the role of an organizer or leader of the conspiracy charged, given the Court's pronouncement of the factual basis for the enhancement. At sentencing, the Court explained that Petitioner served in a leadership role as the owner/operator of cocaine laboratories that employed others. The Court specifically found Petitioner played a significant role in the conspiracy:

> his serving as one of the largest producers of cocaine in Colombia with the capacity of producing more than 5 tons of cocaine per month in his laboratories, which was distributed to various drug trafficking organizations; his providing security with the assistance of FARC to protect coca crops and the production of cocaine in his zone of influence; his placing "JR" and "Batman" stickers on packages of cocaine he produced, which were later recovered in connection with drug seizures by authorities; his engaging in numerous telephone calls discussing drug smuggling activities and the distribution of drug proceeds with co-conspirators that were captured via wire intercept; and his leadership role in the conspiracy as the owner/operator of cocaine laboratories that employed a number of other individuals.

*United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Oct. 12, 2017), ECF No. 369 at 15. Further, the Court explicitly stated that Petitioner's sentence was imposed "having considered the factors noted in 18 U.S.C., Section 3553(a), and after having consulted the advisory Sentencing Guidelines." *Id.* at 6. Petitioner has not shown the Court failed to consider a factor that should have been given significant weight. Because the court stated it would have imposed the same sentence even if the sentencing range was incorrect, *id.* at 16, Petitioner has not shown prejudice.

Petitioner's challenge to the three-level sentence enhancement is also procedurally barred by the waiver in his plea agreement. The Fifth Circuit upholds the informed and voluntary waiver of post-conviction relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). To determine whether a collateral-review waiver bars an appeal, a court considers "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020)

(quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)).  "A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement."  *Id.* (citation omitted).  "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief" except in two circumstances: (1) an ineffective assistance of counsel claim that "directly affected the validity of that waiver or the plea itself"; or (2) when a sentence "exceeds the statutory maximum."  *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Petitioner's plea agreement unequivocally states that Petitioner waives the right to appeal his conviction on any ground other than a sentence imposed in excess of the statutory maximum or ineffective assistance of counsel.  *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. May. 17, 2017), ECF No. 275 at 4.  At Petitioner's change of plea hearing, Petitioner testified that he understood the plea agreement waived his right to appeal his conviction or sentence except on these two grounds.  *Id.* ECF No. 421 at 18-19.  Petitioner does not allege that this waiver of appellate rights was not knowing or voluntary, that his sentence is in excess of the statutory maximum, nor that ineffective assistance of counsel "directly affected the validity of that waiver or the plea itself," aside from the claims discussed herein.[6]  *See Hollins*, 97 F. App'x at 479.  In sum, Petitioner does not argue one of the two exceptions to the general rule that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *See id*.

---

[6] Petitioner asserts that his sentence was in error because acceptance of his plea was deferred until after the Court reviewed the presentence report [Dkt. 9 at 7].  Petitioner's objection is without merit, as the Court confirmed at the change of plea hearing that Petitioner understood he would not be sentenced prior to the presentence report, which he would have the chance to review and object to before sentencing.  *See United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Dec. 4, 2017), ECF No. 421 at 29.

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner's arguments regarding his appellate counsel are similarly without merit. The two-prong *Strickland* test also applies to claims of ineffective assistance of counsel by appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). An indigent defendant does not have a constitutional right to compel appointed counsel to include every nonfrivolous point requested by him; instead, an appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Stated differently, "[c]ounsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based on directly controlling precedent." *Ries v. Quarterman*, 522 F.3d 517, 531-32 (5th Cir. 2008) (citation and internal quotation marks omitted). To demonstrate prejudice, a Petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted). Petitioner has not shown appellate counsel was ineffective for failure to challenge the sentence enhancement, failure to argue for the safety valve sentencing downgrade, and for declining to raise issues related to alleged translation failures and defects [Dkt. 1-1 at 5, 7-8, 20-21]. The Government counters that appellate counsel is not ineffective for failing to not raise these issues for the same reasons that trial counsel was in effective for failing to raise these challenges [Dkt. 8 at 7]. Counsel is not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Counsel withdrew and filed an *Anders* brief arguing that Petitioner's direct appeal raised no nonfrivolous issues because the plea was knowing and voluntarily, his sentence was within in the guidelines and thus reasonable, and the record showed he was satisfied with the representation by trial counsel. The Fifth Circuit noted in

dismissing Petitioner's direct appeal that he did not file a response rebutting these arguments. *See Aguirre*, 730 F. App'x at 227. Based on the record before the Court, appellate counsel found no "solid, meritorious arguments based on directly controlling precedent" rather than nonfrivolous grounds for appeal based on the conclusory grounds asserted in Petitioner's motion. *See Ries*, 522 F.3d at 531-32. Even if appellate counsel erred, Petitioner has not shown prejudice, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

## PROSECUTORIAL MISCONDUCT

"In determining whether to reverse a defendant's conviction on the basis of improper prosecutorial argument, [courts] consider three factors: '(1) the magnitude of the prejudicial effect of the prosecutor's [acts], (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction.'" *United States v. Virgen-Moreno*, 265 F.3d 276, 290-91 (5th Cir. 2001) (quoting *United States v. Palmer*, 37 F.3d 1080, 1085 (5th Cir. 1994)). A claim for prosecutorial misconduct arises "only if the prosecutor's remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Petitioner argues that the prosecutor committed misconduct by taking advantage of Petitioner's inability to speak English, and because he or she knew Petitioner was "wrongfully extradited" and had "no involvement" in the conspiracy to import cocaine into the United States [Dkt. 1-1 at 21-23]. The Government contends these claims have no merit because, as discussed above, Petitioner's guilty plea was made knowingly and voluntarily. Petitioner had the benefit of an interpreter at his plea and sentencing hearing; his indictment, plea agreement, factual statement were translated into Spanish; and Petitioner had stated on the record that the factual statement and

presentence report were correct [Dkt. 8 at 7-8]. On this basis, Petitioner has not shown that the prosecutor took advantage of his inability to speak English. *See De La Rosa*, 1995 WL 251302, at *1 (finding no prosecutorial misconduct when "[t]he proceedings . . . . were translated verbatim by an experienced certified interpreter[, and] [a]t no time did petitioner suggest that he did not comprehend the interpreter's translation."). The Court finds Petitioner's remaining claim similarly without merit, as his presentence report explains the basis for his extradition,[7] and Petitioner provides no explanation for his assertion that his extradition was illegal. *See United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Aug. 22, 2017), ECF No. 317 at 5, Sealed.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that the court *sua sponte* address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (concluding it is "perfectly lawful" for a district court to *sua sponte* deny a certificate of appealability).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim,

---

[7] Petitioner's presentence report details the offense conduct, include that his extradition is supported by an "Affidavit in Support of Request for Extradition; reports prepared by the Drug Enforcement Administration (DEA); and the Colombian National Police Sensitive Investigative Unit (CNP-SIU) based in Medellin, Colombia." *United States v. Aguirre*, No. 4:12-cr-00295-SDJ-KPJ-10 (E.D. Tex. Aug. 22, 2017), ECF No. 317 at 5, Sealed.

a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, the Court is of the opinion that reasonable jurists could not debate the denial of Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to the claims raised.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Petitioner Jose Eccehomo Jaramillo Aguirre's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Dkt. 1] be **DENIED** and this case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of November, 2021.**


_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE